IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,                  )
                                )
 -vs-                           )   Criminal No. 16-37
                                )
LEONARD GIBBONS,                )
                                )
    Defendant.                  )

AMBROSE, Senior District Judge.

# FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF COURT

Findings of Fact:

1. On November 19, 2015, Lt. Conor Mullen ("Mullen"), employed by the Allegheny County Sheriff's Department, was a member of an FBI Task Force Bank Robbery Squad.

2. On that same day Mullen and FBI Special Agent Danna ("Danna") were informed of a bank robbery that had occurred around 2:00-3:00 p.m. in White Oak. They were also told that a suspect ("Defendant") was in custody at the McKeesport police station and had requested to speak with federal agents.

3. Mullen and Danna met Defendant at the station at approximately 5:45 p.m. According to Mullen's credible testimony, they met in a comfortable interview room; Defendant was clothed and neither cuffed nor shackled; and, Defendant was alert and attentive and showed no signs of being under the influence of alcohol or any controlled substance.

4. Defendant did tell Mullen and Danna that he had not taken his diabetes medicine that day so Mullen gave Defendant a sugary drink. Defendant himself testified that immediately prior to the arrival of Mullen and Danna, Defendant had been given a cheeseburger, fries and a drink, which he ate.

5. Defendant was given his Miranda warnings orally and was presented with a form on which they were written. Defendant followed the questions as they were asked, answered accordingly, and signed the waiver.

6. According to Mullen's credible testimony, Defendant was adamant about speaking to the federal agents because Defendant wanted to be lodged in federal, not state detention.

7. Again, according to Mullen's credible testimony, Mullen told Defendant that he could not guarantee incarceration in a federal facility and that Defendant would likely be confined in the Allegheny County Jail. Defendant was disappointed but still wanted to talk to the agents.

8. Defendant gave information about his involvement in both bank robberies that are the subject of this indictment. He also gave information about his involvement in two other bank robberies which were ten years old and about which Mullen and Danna knew nothing.

9. Defendant then requested an attorney before he talked further about bank robberies and the interrogation as to bank robberies ceased.

10. Prior to Mullen's and Danna's arrival, Defendant had been treated by a paramedic for pain Defendant complained of after he fell down a hill during a

police chase prior to his arrest. Defendant was not hospitalized nor given any medication.

11. According to Mullen's credible testimony, Defendant did not appear to be afraid at any time during the interrogation which lasted 1.5-2 hours.

12. Although it may have been that Defendant told Mullen and Dana he was a user of cocaine and marijuana, Defendant at no time appeared to be under the influence.

13. When Defendant's car was searched after his arrest, no drugs or paraphernalia were found.

14. Defendant testified that at the time of the interrogation he was in pain, "fading in and out," and in shock because he believed he had been shot at by police during the chase prior to his arrest.

15. Defendant testified that he signed the waiver because he had not taken his medications and that this affected his thinking.

16. Defendant gave no reason for his failure to have taken his medications.

17. Defendant did offer evidence of his high glucose blood level taken at the Allegheny County Jail on the day after his arrest. However, other than his own less than credible testimony, there is no evidence that these readings one day later affected the voluntariness of his waiver.

18. Defendant did admit that he had requested to talk with federal agents.

19. Defendant's testimony about his state of mind and his physical condition during the interrogation is not credible.

20. Defendant has 11 prior felony convictions and admitted that he is well familiar with Miranda warnings.

Conclusions of Law:

1. Defendant was properly advised of his Miranda rights.

2. Defendant was alert, attentive, and drug-free when he waived those rights.

3. Mullen and Danna used no coercive tactics during the interrogation.

4. Defendant's waiver was voluntary, knowing, and intelligent.

Therefore, this 22th day of March, 2018, it is hereby ORDERED that the Defendant's Motion to Suppress Custodial Statements (Docket No. 87) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge