IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Criminal No. 16-37 |
| LEONARD GIBBONS, | ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **OPINION AND ORDER**

The Motion for Severance of Counts (Docket No. 88) is DENIED. Here the Government intends to try together in the same trial two bank robberies allegedly committed by Defendant and several other counts relating to the second bank robbery.

There is abundant case law holding that the joinder of two bank robberies for trial is appropriate. The relevant inquiry is whether the offenses arise out of a common series of acts or transactions and are part of a common scheme or plan or are of the same or similar character.

Here the robberies occurred on July 17, 2015 and November 19, 2015, a mere four months apart. See United States v. Shaw, 476 Fed. Appx. 970 (3d Cir. 2012) wherein joinder was deemed appropriate when the robberies occurred five months apart. The banks were less than five miles apart.

Furthermore, the robberies are of the same or similar character. In both instances, one bank robber entered the bank wearing the same disguise: a black hat, a black wig, a fake black beard, and dark sunglasses.

Even more compelling is the fact that when the Defendant was arrested following the second robbery, much of the evidence found in his car pertained to both robberies.

When questioned after his arrest, the Defendant confessed to both robberies.

These facts point to proper joinder and demonstrate that the robberies are part of a common scheme or plan and are of a similar character.

The Defendant, in response to joinder, argues prejudice, representing that the offenses are not connected or part of a common scheme or plan. The Defendant argues that the jury may improperly cumulate the evidence relating to each robbery and would also have difficulty compartmentalizing the evidence.

Jury instructions will address the Defendant's concerns.

Joinder of the offenses is appropriate and efficient as much of the evidence pertains to both robberies.

Therefore, this 22th day of March, 2018, it is hereby ORDERED that the Motion for Severance of Counts, Docket No, 88, is DENIED. However, it is noted that the parties have agreed to bifurcate Count 4 charging the Defendant with being a felon in possession of a firearm.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge