IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | )<br>) CR 16-37 |
| v. | )<br>) |
| LEONARD GIBBONS | |

**OPINION AND ORDER**

**SYNOPSIS**

On April 3, 2018, a jury convicted Defendant of five Counts, of violating 18 U.S.C. §§ 2113(a), 2113(d), 922(g)(1), and 924(c). Before the Court is Defendant's Motion for New Trial, pursuant to Fed. R. Crim. P. 33. The Motion is based on state court charges recently filed against Allegheny County Deputy Sheriff Donald D. Modrick, a Government witness at Defendant's trial. For the following reasons, Defendant's Motion will be denied.

**OPINION**

**I.     RELEVANT BACKGROUND**

Defendant's conviction arose from a bank robbery that occurred on July 17, 2015. As Defendant states, Sheriff Modrick testified at trial that he followed Defendant's vehicle following the robbery, identified Defendant as the driver of the car, and indicated that shots fired by another officer resulted from an accidental weapon discharge. The Government's evidence need not be recounted here in full, but it included the testimony of multiple bank tellers, law enforcement evidence regarding bank surveillance videos and the car chase, and Defendant's inculpatory statements to an FBI agent. The Government also presented evidence regarding Defendant's purchase of the car involved, and the contents of that car. The Government asserts

1

that prior to Defendant's trial, it was advised that no information relevant to Sheriff Modrick's character for truthfulness, or the like, existed in his personnel, disciplinary, or other files.

On May 9, 2018, a Criminal Complaint was filed against Sheriff Modrick in the Court of Common Pleas of Allegheny County. According to the Criminal Complaint and accompanying Affidavit, the factual basis for the charges rest on Sheriff Modrick's alleged misappropriation of funds paid to him for levies in 2017, which he collected and then used for his own personal benefit. The charges against Sheriff Modrick remain pending.

## II. DEFENDANT'S MOTION

Pursuant to Rule 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  (1) "the evidence must be in fact newly discovered, i.e. discovered since trial"; (2) "facts must be alleged from which the court may infer diligence on the part of the movant"; (3) "the evidence relied on must not be merely cumulative or impeaching"; (4) "it must be material to the issues involved"; and (5) "it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal." United States v. Quiles, 618 F.3d 383, 388-89 (3d Cir. 2010) (quoting United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000)). "When evaluating whether the evidence is likely to produce an acquittal, the court considers the new evidence in light of all of the evidence presented at trial." United States v. Mensah, 434 F. App'x 123, 127 (3d Cir. 2011). "The movant has a 'heavy burden' of proving each of these requirements. … If just one of the requirements is not satisfied, a defendant's Rule 33 motion must fail." Id. at 126.

In this context, our Court of Appeals has stated that evidence that is "merely impeaching…precludes granting…a new trial." United States v. Ware, 646 F. App'x 169, 171 (3d Cir. 2016). To warrant a new trial, newly discovered impeachment evidence must present

2

"either (1) a strong exculpatory connection between the new evidence and the charge against defendant, or (2) the new evidence must seriously undermine evidence presented at trial." Mensah, 434 F. App'x at 126. In other words, "[t]here must be something more, i.e. a factual link between the heart of the witness's testimony at trial and the new evidence. This link must suggest directly that the defendant was convicted wrongly." Quiles, 618 F. 3d at 392.

Here, Defendant's diligence, and the newly discovered nature of the evidence, are not in dispute. Defendant, however, has not met his burden of establishing the remaining requirements. Defendant contends, essentially, that Sheriff Modrick's pattern of deceit and dishonesty strikes at the heart of the justice system. This may be so, but it remains that the factual link and probability of acquittal that applicable standards demand are palpably absent. Evidence of the charges against Sheriff Modrick, even if deemed admissible, is merely impeaching. Defendant acknowledges as much – as he suggests, evidence that Sheriff Modrick misappropriated funds intended for payment of a civil judgment would serve as evidence of dishonesty and unreliability. The evidence does not relate to the facts of Defendant's case, and Defendant does not contend otherwise. The evidence simply does not indicate that Defendant was wrongfully convicted.

Relatedly, considerations of materiality and the cumulative nature of the evidence also undermine Defendant's entitlement to relief. Whether the shots fired were accidental – which, as the Government submits, was the only testimony unique to Sheriff Modrick -- is not factually material to the elements of Defendant's crimes of conviction. The Government presented corroborating and independent evidence, such as the testimony of bank tellers, law enforcement and non-law enforcement witnesses other than Sheriff Modrick, Defendant's statements to law enforcement, and other evidence, such as that relating to Defendant's vehicle and its contents.

Evidence of Sheriff Modrick's misappropriation of funds in an unrelated matter does not cast serious doubt on the inculpatory evidence presented at trial; nor does it have a strong exculpatory connection to the charges against Defendant. Relatedly, it is apparent that the Government adduced sufficient evidence, independent of Sheriff Modrick's testimony, to sustain the jury's finding of guilt. For all of these reasons, Defendant's Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for New Trial will be denied. An appropriate Order follows.

BY THE COURT:

*Donetta W. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: 11/15/18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) CR 16-37 |
| v. | ) |
| | ) |
| LEONARD GIBBONS | |

**ORDER**

AND NOW, this 15th day of November, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for New Trial is DENIED.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court