IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 16-37 |
| LEONARD GIBBONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

**I.  INTRODUCTION**

Presently before the Court is Defendant Leonard Gibbons's ("Gibbons") *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Government's response in opposition thereto, and Gibbons's reply. (Docket Nos. 187, 191, 194). After careful consideration of the parties' arguments and prevailing legal standards, Gibbons's motion is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

**II.  BACKGROUND**

Gibbons was found guilty by a jury of five counts for violating 18 U.S.C. §§ 2113(a), 2113(d), 922(g)(1), and 924(c)(1)(A)(i) on April 3, 2018, for a bank robbery and an armed bank robbery involving possession of a firearm as a convicted felon and using/carrying/brandishing a firearm. (Docket Nos. 128, 129). Both bank robberies occurred in 2015. Gibbons was thereafter sentenced to a total 264-month term of imprisonment followed by a five-year term of supervised release. (Docket No. 168). He is serving his sentence presently at Federal Correctional Institution ("FCI") Hazelton, and is scheduled for release on October 23, 2028. BOP Inmate Locator, https://www.bop.gov/inmateloc// (last visited Feb. 21, 2024).

On June 20, 2023, Gibbons filed a *pro se* motion for compassionate release wherein he asks the Court to reduce his term of imprisonment. (Docket No. 187).[1] In his motion, Gibbons indicates that he presented a compassionate release request to the warden of his Bureau of Prisons ("BOP") facility on May 8, 2023, over thirty days before he filed his motion with the Court. (*Id.*). Gibbons offers several reasons to justify compassionate release in his case: he argues that he should not have been sent to FCI Hazelton and that he receives inadequate medical attention there; he indicates that he has been refused a left knee replacement (after having received a right knee replacement in BOP custody); he suggests that the inadequate medical attention received by him (and other inmates) is related to a fight over funding; and he adds that he has made good progress toward rehabilitating himself during his imprisonment. (*Id.*). Attached to his motion is a proposed release plan.[2] The Government opposes the motion and argues as an initial matter that Gibbons's allegation of inadequate medical treatment is not an appropriate basis for compassionate release. The Government further argues there are no extraordinary and compelling reasons warranting a reduction of Gibbons's term of imprisonment and that—even if there were—the sentencing factors that the Court must consider at 18 U.S.C. § 3553(a) do not support a reduction in sentence. (Docket

---

[1]   Therein, Gibbons appears to suggest that he would accept a period of supervised release or home confinement if the Court is willing to reduce his term of imprisonment. With respect to his request for home confinement, the Court's authority to reduce Gibbons's term of imprisonment (with or without imposing a term of supervised release up to the duration of the unserved portion of such imprisonment term) does not include the authority to impose a period of home confinement; rather, that is a Bureau of Prisons ("BOP") determination. *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *2 (3d Cir. Aug. 23, 2023) (citing *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021)) ("[T]he District Court properly concluded that it lacked authority to order that Folk be placed in home confinement.").

[2]   Gibbons's "Request for Reduction in Sentence Form," which he submitted to the warden of his BOP facility through his social worker and a correctional counselor, is also attached to the motion. Thereon, Gibbons indicated that he is an elderly inmate (63 years old) with medical conditions and that he wanted to have both knees replaced but was only approved for one knee replacement. (Docket No. 187-2). He also indicated that, if granted compassionate release, he would immediately seek another knee replacement and treatment for diabetes and chest pains. (*Id.*). And he noted his "programming" which, considered in context of the rest of his motion, appears to be a reference to his rehabilitative efforts. (*Id.*).

No. 191). The parties' positions are fully briefed, and the Court considers the matter to be ripe for disposition.

### III. DISCUSSION[3]

Courts are not generally authorized to modify terms of imprisonment once they have been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). 18 U.S.C. § 3582(c)(1)(A)(i) provides a limited exception to that general rule, "commonly referred to as the 'compassionate release' provision," pursuant to which "district courts may reduce a term of imprisonment when warranted by 'extraordinary and compelling reasons'" and appropriate in light of the Section 3553(a) sentencing factors. *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

The process for seeking a reduction in sentence pursuant to Section 3582(c)(1)(A) is that either the Director of the BOP moves the Court for such a reduction, or a defendant may file his own motion, but only after first "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Stehley*, No. 3:16-CR-14, 2023 WL 8014078, at *2 (W.D. Pa. Nov. 9, 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)). In this matter, Gibbons has filed a motion for compassionate relief on his own behalf; therefore, it was incumbent on him to first satisfy the exhaustion requirement by presenting his request to the warden of his BOP facility and either exhausting his administrative rights through that process or waiting thirty days from the warden's receipt of his request to file his motion.

---

[3] This Court has jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3582(c). Because Gibbons is unrepresented, the Court will liberally construe his motion and materials filed in support thereof. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. McNair*, 481 F. Supp. 3d 362, 366 (D.N.J. 2020).

Assuming a prisoner-initiated motion for compassionate release is properly exhausted, courts will evaluate whether the movant's circumstances are extraordinary and compelling. 18 U.S.C. § 3582(c)(1)(A)(i). Movants like Gibbons bear the burden of proof on motions for compassionate release. *United States v. Grasha*, 489 F. Supp. 3d 403, 406 (W.D. Pa. 2020). Extraordinary and compelling reasons are not defined by statute. Instead of defining the phrase, "Congress … directed the Sentencing Commission to issue general policy statements 'describing what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *United States v. Andrews*, 12 F.4th 255, 259 n.4 (3d Cir. 2021) (quoting 28 U.S.C. § 994(t)).

Between 2018 and 2022, there was no policy statement describing extraordinary and compelling reasons that applied to prisoner-initiated motions. *United States v. Kramer*, No. 23-1246, 2024 WL 313389, at *3 (3d Cir. Jan. 26, 2024) (Restrepo, J., concurring). But, since that time, the Sentencing Commission has promulgated an applicable policy statement effective November 1, 2023. U.S.S.G. § 1B1.13(b)(1)-(6). Therein, the Sentencing Commission enumerated certain extraordinary and compelling reasons, and further indicated that a combination of such reasons may be found to be extraordinary and compelling. *Id.* The reasons enumerated therein are: (1) medical circumstances including a "serious physical or medical condition," with no expected recovery, that substantially diminishes the ability of the defendant to provide self-care in a corrections facility; (2) advanced age (sixty-five years old, experiencing age-related deterioration, and having served a minimum portion of the total term of imprisonment); (3) specific family circumstances; (4) certain instances of abuse while imprisoned; (5) other reasons with

gravity similar to that of the first four reasons; and (6) some unusually long sentences where a defendant has served at least ten years. *Id.*

In this matter, the Court is satisfied that Gibbons exhausted his request by first presenting a request that included the same bases as are now presented to the Court (inadequate medical care, health problems, and rehabilitation) to his warden[4] and waiting for the lapse of thirty days before filing his compassionate release motion before the Court. His Request for Reduction in Sentence Form is dated May 8, 2023, and his motion in this matter was filed on June 20, 2023. Accordingly, administrative exhaustion is not an impediment to this Court's consideration of Gibbons's substantive argument for compassionate release.

This brings the Court to Gibbons's alleged extraordinary and compelling reasons which he argues warrant a reduction of his term of imprisonment. As indicated *supra*, Section II (Background), Gibbons argues that he receives inadequate medical care at FCI Hazelton in part because there are not adequate medical staff at the facility (three paramedics, one physician's assistant, and one physical therapist).[5] He also argues that the medical care offered at FCI Hazelton is, perhaps intentionally, inadequate as part of a scheme for additional funding. And he further

---

[4] Looking at Gibbons's warden request for compassionate release, it appears he did not raise concerns about inadequate medical staffing, a connection between inadequate care and a ploy for additional funding at FCI Hazelton, or his allegation that he was recommended for placement in a hospital facility by the sentencing court, prior to raising those concerns here. Therefore, those issues are unexhausted. *United States v. Jeffries*, No. CR 14-106, 2021 WL 2000555, at *6 (W.D. Pa. May 19, 2021) (discussing *McNair*, 481 F. Supp. 3d at 366). In any event, for the reasons explained herein those issues are either not appropriately raised in a motion for compassionate release or are meritless.

[5] To that end, Gibbons suggests FCI Hazelton is not equipped to handle prisoners who are designated as Chronic Care Levels II and III because it is merely a Level I facility. (Docket No. 187, pg. 3). Here, Gibbons appears to be referring to BOP's care level classification system whereby inmates and institutions are assigned a care level. *Care Level Classification for Medical & Mental Health Conditions or Disabilities*, Federal Bureau of Prisons (May 2019), https://bit.ly/3gYZJcw. He argues that this prevents the medical staff at FCI Hazelton from being able to "'triage' sickcall." (Docket No. 187, pg. 3).

argues that he needs another knee replacement, has difficulty receiving insulin for his diabetes, and that he has made significant efforts to rehabilitate.[6]

Considering these reasons, the Court is unpersuaded that they are extraordinary and compelling, regardless of whether they are considered individually or in combination. As an initial matter, insofar as Gibbons has challenged the adequacy of the medical care he is receiving at FCI Hazelton, such a claim might be the basis of a separate civil action but it is not appropriately considered as part of a motion for compassionate release. *United States v. Pigford*, No. CR 20-414, 2023 WL 2285825, at *4 (E.D. Pa. Feb. 28, 2023); *United States v. Buckman*, No. CR 14-540-01, 2020 WL 4201509, at *5 (E.D. Pa. July 22, 2020); *United States v. Cato*, No. CR 14-315-01, 2020 WL 4193055, at *1 n.1 (E.D. Pa. July 21, 2020) (citing *United States v. Butler*, 2020 WL 3207591, at *3 (D. Del. June 15, 2020)); *United States v. Bonner*, No. CR 19-226, 2022 WL 4483104, at *3 (W.D. Pa. Sept. 27, 2022) ("[Defendant's] compassionate release is inappropriate to the extent [his] claim states an Eighth Amendment claim of inadequate medical care).

As for Gibbons's alleged medical problems (including difficulty with his left knee and diabetes), the Court finds these reasons do not fall under the extraordinary and compelling reasons enumerated in the newly applicable policy statement at U.S.S.G. § 1B1.13(b)(1)-(4). Gibbons's medical conditions are not terminal and there is no indication in the record that they "substantially diminish[]" his ability to care for himself in a corrections facility. *Id.* § 1B1.13(b)(1)(A)-(B). Nor has Gibbons shown that problems with his left knee or any other condition "requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious

---

[6] With respect to Gibbons's suggestion that, at his sentencing, Judge Ambrose recommended that he be placed in a hospital facility, the Court has reviewed the transcript of the sentencing hearing. Therein, Judge Ambrose recommended that Gibbons *be evaluated* for placement in a medical facility. (Docket No. 180, pg. 37). Accordingly, there is no merit to Gibbons's suggestion that the BOP failed to comply with Judge Ambrose's sentencing determinations in this regard.

deterioration in health or death." *Id.* § 1B1.13(b)(1)(C).  Gibbons does not presently exhibit the characteristics of a prisoner who might demonstrate extraordinary and compelling reasons related to advanced age.  *Id.* § 1B1.13(b)(2).  And none of the reasons offered by Gibbons could be construed as presenting a qualifying family circumstance, instance of abuse, or unusually long sentence pursuant to section 1B1.13(b)(3), (4), or (6).

With respect to whether Gibbons's proposed reasons for compassionate release are "similar in gravity to" the qualifying medical, age-related, family circumstances, and abuse reasons discussed above, the Court finds they are not.  *See id.* § 1B1.13(b)(5).  The Court's consideration is guided by the plain meaning of the terms "extraordinary and compelling" which suggest, respectively, "that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree" and that it "must be a reason that is both powerful and convincing." *United States v. Canales-Ramos*, 19 F.4th 561, 566-67 (1st Cir. 2021) (citations omitted).  Gibbons's medical records confirm, among other things, that he has joint pain and type II diabetes.  The record also confirms that Gibbons had a right knee arthroplasty (replacement) in BOP custody and that he went to physical therapy thereafter.  However, the record does not show Gibbons has been denied a left knee replacement despite requiring one.  Considering the record and the parties' arguments, the Court is not persuaded that Gibbons's present circumstances are beyond those ordinarily faced, "in fact or in degree," by other inmates, nor that they are "powerful and convincing."  *Id.*  And while efforts toward rehabilitation are commendable, the Court may not grant compassionate release on rehabilitation alone.  28 U.S.C. § 994(t).[7]  For all these reasons, the Court finds that Gibbons has not shown extraordinary and compelling reasons warrant a reduction of his sentence.

---

[7] Moreover, the Court notes that in cases where rehabilitation looms large the efforts to that end are often truly remarkable.  *United States v. Clausen*, No. CR 00-291-2, 2020 WL 4260795, at *8 (E.D. Pa. July 24, 2020), *abrogated on other grounds by Andrews*, 12 F.4th at 261.  In *Clausen*, the district court put a good deal of weight on the fact that though Clausen had a *de facto* life sentence, he had "spent the last

Additionally, even if the Court found that there were extraordinary and compelling circumstances in this case, the sentencing factors in 18 U.S.C. § 3553(a) weigh against a reduction of Gibbons's term of imprisonment at this time.  Pursuant to Section 3582(c)(1)(A), the Court may only reduce a term of imprisonment due to extraordinary and compelling reasons "*after* considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* (emphasis added).  Thus, the Court considers the nature and circumstances of Gibbons's offense and Gibbons's history and characteristics; the need for the sentence imposed to reflect its seriousness, to promote respect of the law, to provide just punishment, to adequately deter, to protect the public, and to provide Gibbons with necessary training, medical care, and other correctional treatment; the kinds of sentences available; the kinds of sentence and sentencing range established for the category of offense committed by a defendant with Gibbons's criminal category; pertinent policy statements; avoidance of unwarranted disparities in sentencing; and the need to provide restitution to any victims.  18 U.S.C. 3553(a)(1)-(7).  The Court's consideration of these factors leads the Court to conclude that the 264-month term of imprisonment that was imposed continues to be appropriate.

As the Government has pointed out, the nature and circumstances of Gibbons's offense (armed bank robbery) put those present at the time of his offense in danger.  As Judge Ambrose noted at Gibbons's sentencing, the fact that Gibbons "walk[ed] into a place of business and [had] a gun" made this "an extremely serious offense."  (Docket No. 180, pg. 29).  The sentence of 264 months was determined to reflect the seriousness of that offense, and the Court detects no reason why its consideration of the need for the sentence to reflect the seriousness of the offense today

---

twenty years of his life completing hundreds of BOP educational programs, designing and teaching his own courses, serving as a mentor to his peers and improving himself" as shown by "seventeen letters of recommendation from BOP employees, university professors and family members submitted on his behalf."  *Id.*

8

would weigh in favor of a modification of the term of imprisonment as originally imposed. The continued need to protect the public is also a particularly relevant sentencing factor in this case. While it is commendable that Gibbons has taken steps toward rehabilitation, at the time of his sentencing he had a total offense level of 34, a criminal history category of six, and an applicable guidelines range of 360 months' to life imprisonment. Nevertheless, the sentencing court granted Gibbons's requested variance and sentenced him to the statutory mandatory minimum. (*Id.* at 33). At that time, the sentencing court was assured that the public would be adequately protected from Gibbons because he would be in "jail for a long time." (*Id.* at 31). Gibbons's criminal history is extensive and his conduct during his term of imprisonment so far is not without incident. The Court thus determines that the continued need to protect the public from further criminal acts by Gibbons weighs against a reduction in sentence. Having considered these and the other sentencing factors in Section 3553(a), it is the Court's judgment at this time that the sentencing factors weigh against reducing Gibbons's term of imprisonment.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Gibbons has not presented extraordinary and compelling reasons that warrant a reduction of his term of imprisonment and, further, that the sentencing factors in section 3553(a) weigh against his request for relief.

Accordingly, the Court enters the following Order:

AND NOW, this 23rd day of February 2024,

IT IS HEREBY ORDERED that Gibbons's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Docket No. 187) is **denied**.

s/ W. Scott Hardy
W. Scott Hardy
United States District Judge

cc/ecf:    All counsel of record

           Leonard Gibbons (via U.S. Mail)
           Fed. Reg. No. 37875-068
           FCI Hazelton
           PO Box 5000
           Bruceton Mills, WV  26525