**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-37 |
| | ) | |
| LEONARD GIBBONS | ) | |

**<u>MEMORANDUM ORDER</u>**

Following a jury trial before Judge Donetta Ambrose, on April 3, 2018, Defendant was convicted of the following: at Count One of the Indictment with bank robbery on July 17, 2015 and at Count 2 with bank robbery on November 19, 2015, each in violation of 18 U.S.C. § 2113(a); at Count 3 with armed bank robbery on November 19, 2015, in violation of 18 U.S.C. § 2113(d); at Count Four with felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and at Count Five with using, carrying and brandishing a firearm during and in relation to a crime of violence, and possession in furtherance thereof, in violation of 18 U.S.C. §§ 924(c)(1)(a)(i) and 924(c)(1)(a)(ii), for conduct occurring on November 19, 2015.  (Docket Nos. 128, 129).

On December 19, 2018, Judge Ambrose sentenced Defendant to a total term of 264 months' imprisonment (consisting of 180 months at each of Counts One through Four to be served concurrently, and 84 months at Count Five to be served consecutively to Counts One through Four), followed by 5 years supervised release (consisting of 3 years at each of Counts One and Two and 5 years at each of Counts Three, Four and Five all to run concurrently).  (Docket No. 168 at 3, 4).  Defendant also was ordered to pay a $500 special assessment (consisting of $100 at each count of conviction) and restitution in the amount of $7,828 to Compass Federal Savings Bank and $1,550 to First Commonwealth Bank.  (*Id.* at 7).  Finally, he was ordered to forfeit a Hi-point

9mm handgun and $2,421 in United States currency.  (Docket No. 171).  Defendant subsequently appealed the Court's Judgment to the Third Circuit Court of Appeals.  (Docket No. 172).

In April 2025, the Court of Appeals ruled that Defendant should not have been sentenced to concurrent sentences of 15 years (180 months) at Counts Two and Three because bank robbery at Count Two is a lesser-included offense of armed bank robbery at Count Three.[1]  (Docket Nos. 196, 199, 199-2).  Accordingly, the Court of Appeals vacated the judgment of conviction and sentence on the lesser-included offense at Count Two and otherwise affirmed the judgment as to all other counts.  (Docket No. 196).  The case was then remanded to this Court so that the sentence could be corrected as to Count Two.[2]  (*Id.* at 2).

Thereafter, the Court appointed Attorney Michael E. Moser to represent Defendant at a resentencing hearing which was held on June 16, 2026.  (Docket Nos. 197, 202).  The Court resentenced Defendant a total term of 264 months' imprisonment, consisting of 180 months at each of Counts One, Three, and Four of the Indictment, said terms to be served concurrently, and 84 months at Count Five to be served consecutively to Counts One, Three and Four, followed by 5 years' supervised release, consisting of 3 years at Count One of the Indictment and 5 years at each of Counts Three, Four and Five all to run concurrently.  (Docket No. 204 at 3, 4).  No term of imprisonment or supervised release was imposed at Count Two of the Indictment given that the bank robbery offense of conviction at Count Two is a lesser-included offense of armed bank robbery at Count Three.  Restitution was ordered to be paid to the same banks in the same amounts

[1]    *See United States v. Cesare*, 581 F.3d 206, 207 (3d Cir. 2009) (bank robbery is a lesser included offense of armed bank robbery, thus the district court erred by imposing separate sentences for each, even though it ordered the terms of imprisonment to be served concurrently); *United States v. Beckett*, 208 F.3d 140, 149 (3d Cir. 2000) (district court erred by sentencing concurrently on both armed bank robbery and lesser included offense of bank robbery).

[2]    Judge Ambrose had assumed senior inactive status by then, therefore Defendant's case was re-assigned to this member of the Court.

2

as in the original Judgment, and a $400 special assessment was imposed. (*Id.* at 7). The Amended Judgment was entered on the Court's docket on June 16, 2025. (Docket No. 204). Defendant did not appeal the Amended Judgment.

On June 9, 2026, Defendant filed a pro se Motion for Extension of Time to File Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, in which he requests a 90-day extension of time to file a § 2255 motion. (Docket No. 210). Defendant avers that he requires additional time because his § 2255 motion filing "deadline has not yet reached but rapidly approaches," he "has no other choice but to represent himself," he "has no training in the field of law and needs the additional time to research his claim(s)," he "has limited access to a limited law library as it contains 13 computers to facilitate approximately 1500 inmates . . . at FCI Hazelton," and he is limited to one hour at a time to conduct research. (*Id.*, ¶¶ 1-3). For the following reasons, Defendant's Motion for Extension of Time will be denied.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing a § 2255 motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). This one-year period began to run when Defendant's "judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1).[3] Defendant did not file a direct appeal from his resentencing judgment of conviction which was entered on June 16, 2025, (*see* Docket No. 204), meaning that it became final for § 2255 purposes 14 days later, on June 30, 2025. *See Kapral v. United States,* 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); *United States v.*

---

[3]    Under the statute, there are three other dates from which the one-year limitation period may run. 28 U.S.C. §§ 2255(f)(2)-(f)(4). However, those circumstances do not appear to be applicable here.

*Toombs*, Crim. No. 20-119 (RBK), 2021 WL 5416674, at *1 (D.N.J. Nov. 18, 2021) (citations omitted) (where no direct appeal of judgment of conviction is filed, judgment becomes final for § 2255 purposes 14 days after entry of judgment); *Sayles v. United States*, Crim. No. 09-273, 2013 WL 4523593, at *3 (W.D. Pa. Aug. 27, 2013) (same); Fed. R. App. P. 4(b)(1)(A) (providing that a defendant convicted in a criminal case has 14 days to file a notice of appeal after the judgment is entered).  Accordingly, Defendant has until June 30, 2026 to file a § 2255 motion.  As noted, Defendant concedes that the time for filing a § 2255 motion has not yet expired.  (*See* Docket No. 210, ¶ 1) (stating that "Defendant's AEDPA deadline has not yet reached").  Despite that fact, Defendant claims that he needs additional time to file a § 2255 motion because he is not trained in the law and his law library access is limited.  (*Id.*, ¶¶ 2, 3).

The Third Circuit Court of Appeals has held that district courts have subject matter jurisdiction to rule on a motion for an extension of time to file a § 2255 motion before the substantive motion for relief is actually filed.  *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).  The Court of Appeals explained that "[t]here are no bright-line rules for determining when extra time should be permitted in a particular case;" instead, "the unique circumstances of each defendant seeking § 2255 relief must be taken into account."  *Id.* (citations omitted).  However, the Court of Appeals cautioned that district courts "should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the principles of equity would make the rigid application of a limitation period unfair."  *Id.* (internal quotation marks and citation omitted).  As the Supreme Court has instructed, equity permits extending the one-year statutory deadline when a defendant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Consideration of the equitable principles identified by the Supreme Court do not weigh in favor of granting Defendant an extension of time to file a § 2255 motion.  First, Defendant has not shown that he has been pursuing his rights diligently during the one-year AEDPA statute of limitations period.  *See United States v. Navarro*, No. 18-2832, 2018 WL 7324798, at *1 (3d Cir. Dec. 13, 2018) (affirming determination that equitable tolling should not be applied to § 2255 motion because movant failed to show that he acted with reasonable diligence during entire period at issue).  Defendant has not specified a basis for a § 2255 motion beyond broadly stating that "his conviction/sentence was obtained under a constitutional violation that resulted in the fundamental miscarriage of justice and/or [his] incarceration" and that he needs "additional time to research him claim(s)."  (Docket No. 210 at 1 and ¶ 2).  Additionally, Defendant has not shown that some extraordinary circumstance has stood or stands in his way and prevents timely filing.  As stated, Defendant seeks additional time to file a § 2255 motion because he lacks legal training and because his access to the law library supposedly is limited.  However, Defendant's lack of legal training and his unsubstantiated assertion regarding limited law library access do not constitute extraordinary circumstances sufficient to grant an extension of time.  *See, e.g., Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013) (observing that "lack of legal knowledge or legal training does not alone justify equitable tolling") (citation omitted); *Gonzalez v. United States*, 918 F. Supp. 2d 287, 290 (D. Del. 2013) ("[A] prisoner's limited access to a law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a causal relationship between the limited library access and the prisoner's late filing."); *Gadsen v. United States*, Crim. No. 09-305, 2015 WL 9259402, at *6 (W.D. Pa. Dec. 18, 2015) ("Petitioner's limited access to the prison's legal research materials, however, does not by itself warrant equitable tolling of § 2255(f)(1)'s one-year limitation period.").

Finally, the period to timely file a § 2255 motion has not yet expired (which Defendant acknowledges), and he has not explained what would prevent him from filing a protective motion within that time. *See, e.g., Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had nearly one month left in limitation period in which he could have "file[d] at least a basic pro se habeas petition"); *United States v. Cash*, Crim. No. 19-190, 2025 WL 2403589, at *2 (W.D. Pa. Aug. 19, 2025) (observing that movant, "at any time before the deadline, could have filed a 2255 Motion presenting his arguments as completely as he could as of that time," thus an extension of time to file § 2255 motion was unjustified). Under the circumstances of this case, equitable considerations do not weigh in favor of granting Defendant an extension of time to file a § 2255 motion. Accordingly, the Court enters the following Order:

AND NOW, this 10th day of June, 2026, IT IS HEREBY ORDERED that Defendant's Motion for Extension of Time to File Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Docket No. 210), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

Leonard Gibbons (via U.S. mail)
Reg. No. 37875-068
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV  26525

6