**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-37 |
| | ) | |
| LEONARD GIBBONS | ) | |

**MEMORANDUM ORDER**

Following a jury trial before Judge Donetta Ambrose, on April 3, 2018, Defendant was convicted of the following: at Count One of the Indictment with bank robbery on July 17, 2015 and at Count 2 with bank robbery on November 19, 2015, each in violation of 18 U.S.C. § 2113(a); at Count 3 with armed bank robbery on November 19, 2015, in violation of 18 U.S.C. § 2113(d); at Count Four with felon in possession of firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and at Count Five with using, carrying and brandishing a firearm during and in relation to a crime of violence, and possession in furtherance thereof, in violation of 18 U.S.C. §§ 924(c)(1)(a)(i) and 924(c)(1)(a)(ii), for conduct occurring on November 19, 2015. (Docket Nos. 128, 129).

On December 19, 2018, Judge Ambrose sentenced Defendant to a total term of 264 months' imprisonment (consisting of 180 months at each of Counts One through Four to be served concurrently, and 84 months at Count Five to be served consecutively to Counts One through Four), followed by 5 years supervised release (consisting of 3 years at each of Counts One and Two and 5 years at each of Counts Three, Four and Five all to run concurrently). (Docket No. 168 at 3, 4). Defendant also was ordered to pay a $500 special assessment (consisting of $100 at each count of conviction) and restitution in the amount of $7,828 to Compass Federal Savings Bank and $1,550 to First Commonwealth Bank. (*Id.* at 7). Finally, he was ordered to forfeit a Hi-point

9mm handgun and $2,421 in United States currency. (Docket No. 171). Defendant subsequently appealed the Court's Judgment to the Third Circuit Court of Appeals. (Docket No. 172).

In April 2025, the Court of Appeals ruled that Defendant should not have been sentenced to concurrent sentences of 15 years (180 months) at Counts Two and Three because bank robbery at Count Two is a lesser-included offense of armed bank robbery at Count Three.[1] (Docket Nos. 196, 199, 199-2). Accordingly, the Court of Appeals vacated the judgment of conviction and sentence on the lesser-included offense at Count Two and otherwise affirmed the judgment as to all other counts. (Docket No. 196). The case was then remanded to this Court so that the sentence could be corrected as to Count Two.[2] (*Id.* at 2).

Thereafter, the Court appointed Attorney Michael E. Moser to represent Defendant at a resentencing hearing which was held on June 16, 2025. (Docket Nos. 197, 202). The Court resentenced Defendant a total term of 264 months' imprisonment, consisting of 180 months at each of Counts One, Three, and Four of the Indictment, said terms to be served concurrently, and 84 months at Count Five to be served consecutively to Counts One, Three and Four, followed by 5 years' supervised release, consisting of 3 years at Count One of the Indictment and 5 years at each of Counts Three, Four and Five all to run concurrently. (Docket No. 204 at 3, 4). No term of imprisonment or supervised release was imposed at Count Two of the Indictment given that the bank robbery offense of conviction at Count Two is a lesser-included offense of armed bank robbery at Count Three. Restitution was ordered to be paid to the same banks in the same amounts

---

1 *See United States v. Cesare*, 581 F.3d 206, 207 (3d Cir. 2009) (bank robbery is a lesser included offense of armed bank robbery, thus the district court erred by imposing separate sentences for each, even though it ordered the terms of imprisonment to be served concurrently); *United States v. Beckett*, 208 F.3d 140, 149 (3d Cir. 2000) (district court erred by sentencing concurrently on both armed bank robbery and lesser included offense of bank robbery).

2 Judge Ambrose had assumed senior inactive status by then, therefore Defendant's case was re-assigned to this member of the Court.

as in the original Judgment, and a $400 special assessment was imposed. (*Id.* at 7). The Amended Judgment was entered on the Court's docket on June 16, 2025. (Docket No. 204). Defendant did not appeal the Amended Judgment.

On July 13, 2026, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, in which he claims that three of his court-appointed trial counsel, as well as his appellate counsel, were ineffective for failing to protect his constitutional and statutory right to a speedy trial (the "§ 2255 Motion"). (Docket No. 212). Defendant appended to the § 2255 Motion his executed Affidavit which includes his recitation of the alleged circumstances of the case vis-à-vis his speedy trial argument, and which specifically cites numerous motions, orders, and other documents filed on the docket in this case (the "Affidavit"). (Docket No. 212-1).

Following receipt of Defendant's § 2255 Motion, on July 14, 2026, the Court entered its standard order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), advising Defendant that all federal constitutional claims had to be included in a single habeas corpus petition and of his right to: (1) withdraw the pending motion and file one new, all-inclusive § 2255 motion setting forth every ground which may entitle him to relief from his conviction and sentence, provided that such motion is timely; (2) amend the § 2255 motion presently on file to include any additional claims or materials in support of the pending claims; or (3) choose to proceed with the motion as filed. (Docket No. 213).

In response to the *Miller* notice, Defendant filed a Motion Seeking Leave to Amend or Supplement Pending § 2255 Motion With Additional Material in Support of Pending Claims (the "Motion to Amend"), indicating his intent to amend or supplement his § 2255 Motion with additional material in support of his claim that his court-appointed trial and appellate counsel were

ineffective for failing to protect his constitutional and statutory right to a speedy trial. (Docket No. 215, ¶ 5). Defendant's Motion to Amend was not received and filed by the District Court Clerk's Office until August 25, 2026, but he signed and dated it August 12, 2026. (*Id.* at 4). Under the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988),[3] Defendant's Motion to Amend was timely filed within 30 days as required by the Court's July 14th *Miller* notice, thus he will be granted leave to amend the pending § 2255 Motion to the extent he still wishes to do so.

In conjunction with his Motion to Amend, Defendant also filed a Motion to Obtain Certified Copies of Transcripts and Other Documentation (the "Motion for Documents") and a Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"). (Docket Nos. 216, 217). In those motions, Defendant requests that he be granted in forma pauperis status so that he can be provided, free of charge, with the following documents in his case: Docket Nos. 17, 18, 23, 24, 27-33, 35, 36, 41, 45-48, 50, 51, 54-64, 67-72, 74, 99, 100, 103, and 105-109. (Docket Nos. 216, ¶ 8; 217). According to Defendant, he should be provided with these documents at no cost because the ineffective assistance of counsel claim raised in his § 2255 Motion is not frivolous, and the documents are necessary to decide that issue. (*Id.* at 4). Although Defendant's Declaration included with the IFP Motion supports that he would qualify for in forma pauperis status, (*see* Docket No. 217-1), that point is moot because he is not entitled to the requested documents free of charge as explained below.

In support of his document request, Defendant cites 28 U.S.C. § 753(f), which provides as follows:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be

---

[3] The prisoner mailbox rule provides that a pro se prisoner's motion is deemed filed "at the time [he] delivered it to the prison authorities for forwarding to the court clerk." *Houston*, 487 U.S. at 276.

> paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). "Section 753(f) allows the court to authorize free transcripts for an indigent defendant's 2255 proceedings but, as its language indicates, only if the defendant has: (1) already filed a 2255 motion (2) setting forth grounds that are not frivolous and (3) the transcript is needed to decide those grounds." *United States v. Strausbaugh*, No. 1:CR-11-0096-01, 2015 WL 5089574, at *2 (M.D. Pa. Aug. 27, 2015) (citing *United States v. Francisco*, 342 F. App'x 828, 829 (3d Cir. 2009)). "A defendant is not entitled to receive a free transcript for the 'purpose of searching the record for possible error.' " *Id.* (quoting *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) and citing *United States v. Serrano*, 562 F. App'x 95, 97 (3d Cir. 2014) (under section 753(f) a defendant "must show that his claims are not frivolous and that the transcript is necessary to decide the issues presented"). Similarly, pursuant to 28 U.S.C. § 2250, the Court may direct the Clerk of Court to provide copies of documents at Court expense, but a defendant must sufficiently explain his need relative to the claims he has raised. *See* 28 U.S.C. § 2250; *Strausbaugh*, 2015 WL 5089574, at *2 (explaining that § 2250 requires the defendant to make "a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents") (citation omitted).

As stated, Defendant's § 2255 Motion avers that his trial and appellate counsel were ineffective because they allegedly failed to protect his constitutional and statutory speedy trial right, a claim which he attempts to support via his Affidavit. Even affording Defendant the benefit of doubt that his § 2255 Motion contains a non-frivolous claim, the Court nonetheless finds that he has not shown that the requested documents are necessary to decide the issue presented. *See* *Strausbaugh*, 2015 WL 5089574, at *2. Although Defendant supposedly seeks the requested

documents for use in amending or supplementing the § 2255 Motion, (Docket No. 216, ¶ 8), his previously filed Affidavit already cites to and/or describes the content of all the requested documents, (*see* Docket No. 212-1, ¶¶ 4, 6-10, 12, 14-22, 24-28, 30-33), which suggests that he has at least some of them and otherwise demonstrates that he is able to capably summarize and convey his interpretation of the documents' contents to support his ineffective assistance of counsel claim. Under these circumstances, Defendant is not entitled to the numerous documents he requests, free of charge, for use in amending the § 2255 Motion. *See, e.g., United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (observing that "one of the statutory prerequisites is the court's certification that the transcript is needed for the court to '*decide*' a § 2255 motion—not for the petitioner to *prepare* it") (emphasis in original); *Glover v. United States*, No. CR416-258, 2018 WL 3685505, at *1 (S.D. Ga. July 6, 2018), report and recommendation adopted, No. CR416-258, 2018 WL 3660358 (S.D. Ga. Aug. 2, 2018) (denying request for transcripts free of charge for use in amending § 2255 motion where the petitioner adequately summarized counsel's alleged ineffectiveness in his original § 2255 motion). Given the foregoing, the Court enters the following Orders:

AND NOW, this 18th day of September, 2026, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion Seeking Leave to Amend or Supplement Pending § 2255 Motion With Additional Material in Support of Pending Claims, (Docket No. 215), is GRANTED. To the extent Defendant wishes to amend or supplement his § 2255 Motion, he must do so by January 19, 2027.[4] Given same, the previously established

[4] The Court's *Miller* notice specified that an amendment to the § 2255 Motion must be filed within 120 days of the date the Court receives Defendant's notice of intent to amend. (Docket No. 213 at 1). In this case, Defendant's Motion to Amend was received on August 25, 2026, which would have required that Defendant file his amended § 2255 Motion in late December 2026. To afford Defendant ample time in light of the rulings contained herein, the Court calculates the 120-day deadline from the date of this Memorandum Order.

deadline for the Government to respond to Defendant's § 2255 Motion by September 21, 2026, (*see* Docket No. 214), is VACATED, and a briefing schedule will be set by separate Order of Court after Defendant's amendment to his § 2255 Motion is received and filed on the docket in this case;

2. Defendant's Motion to Obtain Certified Copies of Transcripts and Other Documentation, (Docket No. 216), is DENIED, and his related Motion for Leave to Proceed In Forma Pauperis, (Docket No. 217), is DENIED AS MOOT; and,
3. In light of the foregoing rulings, Defendant's Motion for Inquiry as to Status of Previously Filed Motions, (Docket No. 219), is DENIED AS MOOT.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

Leonard Gibbons (via U.S. mail)
Reg. No. 37875-068
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525