**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-37 |
| | ) | |
| LEONARD GIBBONS | ) | |

## MEMORANDUM ORDER

Following a successful appeal, on June 16, 2025, this Court resentenced Defendant Leonard Gibbons to a total term of 264 months' imprisonment followed by 5 years' supervised release. (Docket No. 204 at 3, 4). Subsequently, on June 29, 2026, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). (Docket No. 212). On August 25, 2026, Defendant filed a motion to amend the § 2255 Motion, a motion to obtain certified copies of transcripts and other documents free of charge (the "motion for documents"), and a motion for leave to proceed in forma pauperis (the "IFP motion"). (Docket Nos. 215, 216, 217).

On September 18, 2026, the Court entered a Memorandum Order (the "September 18th Memorandum Order") granting Defendant's motion to amend the § 2255 Motion. (Docket No. 220 at 4). As also set forth in the September 18th Memorandum Order, the Court denied the motion for transcripts and documents, finding that Defendant did not qualify for free transcripts under 28 U.S.C. § 753(f) because he had failed to show that the requested documents are necessary to decide the issue presented in the § 2255 Motion. (*Id.* at 5). In so ruling, the Court noted that an affidavit Defendant had prepared in support of his § 2255 Motion cited to and/or described the content of the requested documents, which reflected his familiarity with their contents and thereby undermined his claim that they should be provided to him at taxpayer expense. (*Id.* at 6). Based

on the denial of the motion for documents, the Court ruled that Defendant's IFP motion was moot. (*Id.* at 7).

On September 27, 2026, Defendant filed a notice of appeal of the Court's September 18th Memorandum Order concerning the ruling on his motion for documents and IFP motion. (Docket No. 221). Despite having appealed the Court's ruling on those matters, on October 2, 2026, Defendant filed with this Court a Motion for Reconsideration of the September 18th Memorandum Order denying his motion for documents and IFP motion. (Docket No. 223). The Government responded that this Court lacks jurisdiction to adjudicate Defendant's Motion for Reconsideration and must dismiss it. (Docket No. 228 at 1). The Government is correct.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[1] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In light of Defendant's appeal regarding the disposition of his motion for documents and IFP motion, this Court presently lacks jurisdiction over those aspects of his case. Consequently, Defendant's Motion for Reconsideration of the September 18th Memorandum Order denying his motion for documents and IFP motion must be dismissed for lack of jurisdiction.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 2nd day of November, 2026, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration, (Docket No. 223), is DISMISSED for lack of jurisdiction.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

---

[1] "Exceptions to the rule in *Griggs* allow the district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail." *Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (citations omitted). None of these limited exceptions are applicable to Defendant's Motion for Reconsideration.

cc/ecf: All counsel of record

Leonard Gibbons (via U.S. mail)
Reg. No. 37875-068
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525